UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE LENIART,<br>    Plaintiff, | :<br>:<br>: |
| v. | : 3:20cv1098 (KAD) |
| | : |
| YVONNE BORCHET, RICHARD<br>BENOIT, BRUCE LICHTENSTEIN,<br>DR. FISHER, ROLAND COOK,<br>    Defendants. | :<br>:<br>:<br>: |

## INITIAL REVIEW ORDER ON AMENDED COMPLAINT

The plaintiff, George Leniart, is a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC") who is currently housed at Cheshire Correctional Institution ("Cheshire"). He filed his complaint under 42 U.S.C. § 1983, alleging constitutional claims against former DOC Commissioner Cook, Dental Director Benoit, Cheshire Dental Associate Borchet, and Drs. Lichtenstein and Fisher. ECF No. 1. He alleged Eighth Amendment violations in connection with his dental care at Cheshire[1] and sought damages, a declaratory judgment, and injunctive relief.[2] On initial review, the Court permitted his Eighth Amendment claims against Borchet, Dr. Lichtenstein, Dr. Fisher, Dr. Benoit, and Commissioner Cook in their individual capacities. Initial Review Order, ECF No. 14. The Court also permitted Leniart's official capacity claims for injunctive relief to proceed against Interim Commissioner Angel Quiros (who was substituted as the proper defendant under Federal Rule of Civil Procedure 25(d)). However,

---

[1] Leniart also alleges state law claims under Connecticut Constitution, and state torts claims of recklessness and maliciousness, negligent infliction of emotional distress, negligence and malpractice. However, the court does not address the plausibility of such claims under Connecticut law because this initial review for purposes of 28 U.S.C. § 1915A is limited to federal law claims. These claims may be addressed later by the defendants in a motion to dismiss or a motion for summary judgment.

[2] These claims were severed from a prior action alleging Eighth Amendment deliberate indifference to his medical needs. *See* Dkt. No. 3:20cv392, ECF No. 8.

1

the Court dismissed without prejudice to amendment Leniart's Eighth Amendment claims against Dr. Lichtenstein arising out of the alleged failure to provide Leniart with a metallic partial and his claims of inadequate staffing against all defendants except Commissioner Cook. *Id.* at pp. 13, 16-17.

Leniart filed an amended complaint in which he asserts many of the same allegations previously reviewed but also adds new factual allegations apparently in an effort to address the deficiencies identified in the previous initial review order.   In so doing, Leniart also names Warden Kenneth Butricks in his individual and official capacities and includes Interim Commissioner Angel Quiros as a defendant in his official capacity only.[3] ECF No. 20.

The Court has reviewed the amended complaint under 28 U.S.C. § 1915A and does not herein repeat either the legal standard for conducting such review, nor the allegations set forth in the amended complaint accept as necessary to address the newly asserted claims.

**DISCUSSION**

### Metallic Partial

Leniart's amended allegations establish that Dr. Lichtenstein had a role in the provision of the metallic partial for Leniart. Accordingly, the Court concludes that Leniart's amended allegations raise a plausible inference that Dr. Lichtenstein acted with deliberate indifference by failing to provide Leniart with the metallic partial. Thus, this Eighth Amendment claim may now proceed against Dr. Lichtenstein and Dr. Benoit in their individual capacities. This claim may

---

[3] Although Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption, "courts have found *pro se* complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants." *Imperato v. Otsego Cty. Sheriff's Dep't*, No. 313CV1594 (BKS/DEP), 2016 WL 1466545, at *26 (N.D.N.Y. Apr. 14, 2016) (citing cases). Although Leniart has not named either Butricks or Quiros in his case caption, the amended complaint shows that he has intended that they are defendants in this action.

also proceed against Interim Commissioner Quiros for injunctive relief because he appears to have the ability to afford the relief requested.

### Dental Treatment – Warden Butricks

In the Amended Complaint Leniart now asserts that Warden Butricks is liable under the Eighth Amendment for deliberate indifference to his need for dental treatment. ECF No. 20 at ¶ 61 To do so, he must allege facts suggesting that Warden Butricks had personal involvement in the violation involving his dental treatment. To demonstrate personal involvement of a supervisory official, a plaintiff is required to plead that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Warwick v. Doe*, No. 3:20-CV-227 (JAM), 2020 WL 2768804, at *6 (D. Conn. May 27, 2020) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted)).[4] In addition to satisfying one of these requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation. *Id.* (citing *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014)); *see also Poe v. Leonard,* 282 F.3d 123, 140 (2d Cir.

---

[4] The Second Circuit has observed that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, without further Second Circuit guidance on this issue, the court assumes for purposes of ruling on this motion that the categories outlined in *Colon* remain valid.

2002) (plaintiff must show "an affirmative causal link" between the supervisor's involvement and the constitutional injury).

In this vein, Leniart alleges that Warden Butricks did not respond to his informal resolution attempt about the defunct remedies process and the dental unit being shut down due to COVID-19 without any alternatives in place for inmates to receive dental care. ECF No. ¶ 52. Construed broadly, Leniart's allegations that he complained about defunct remedies and no available dental treatment due to COVID-19 permits the inference that Warden Buttricks was aware of but failed to remedy ongoing constitutional violations. *See Grullon v. City of New Haven*, 720 F.3d 139, 141 (2d Cir. 2013) (reversing dismissal of Grullon's claim against warden although he had alleged that he sent a letter to the warden complaining of prison conditions.). Thus, the Court will permit Leniart's claim of Eighth Amendment deliberate indifference to his need for dental treatment to proceed against Warden Butricks in his individual capacity.

**Inadequate Staffing and Procedures During COVID-19**

Leniart's amended complaint also alleges that he was deprived of adequate dental care due to inadequate staffing and failure to provide for a process to provide dental treatment during COVID-19.[5] Leniart brings this claim against Commissioner Cook, Warden Butricks, Dr. Benoit and Interim Commissioner Quiros. As indicated in its prior initial review, the Court construes the failure to provide a mechanism to deliver dental treatment during COVID-19 as part of the inadequate staffing claim. *See* ECF No. 14 at 17, n.5. The Court permits this inadequate staffing

---

[5] In the its prior initial review order, the Court noted that Leniart appeared to allege a separate Eighth Amendment claim based on failure to provide for alternative procedures to transport inmates to an outside provider when overwhelmed with work or shut down due to COVID-19. ECF No. 14 at 17, n.5. However, the Court concluded that Leniart had not alleged sufficient factual allegations to support a plausible Eighth Amendment violation based on failure to provide dental treatment during a shut down due to COVID-19. *Id.*

claim to proceed against defendants, Dr. Benoit, Warden Butricks, and Commissioner Cook in their individual capacities, as each are plausibly alleged to have been informed of staffing problem at Cheshire but failed to take any remedial steps. To the extent that such allegations form part of Leniart's request for injunctive relief, this claim may proceed on his claim against Interim Commissioner Quiros in his official capacity.

### Declaratory Judgment – Official Capacity

Leniart's amended complaint also adds a request for a declaratory judgment that, inter alia, the Defendants violated his Eighth Amendment rights. However, Leniart's request for declaratory relief is not plausible. Declaratory relief operates in a prospective manner to allow parties to resolve claims before either side suffers significant harm. *See In re Combustion Equip. Assoc. Inc.*, 838 F.2d 35, 37 (2d Cir. 1988). Here, Leniart's requests for declaratory judgment about the defendants' failures are barred because the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993); *see also Green v. Mansour*, 474 U.S. 64, 71 (1985).

**ORDERS**

The Court enters the following additional orders:

(1) As set forth in the prior initial review order and this Order, the case shall proceed on Leniart's Eighth Amendment claims against Yvonne Borchet, Dr. Lichtenstein, Dr. Fisher, Dr. Benoit, Warden Butricks, and Commissioner Cook in their individual capacities, and against Interim Commissioner Angel Quiros in his official capacity.

All other claims are DISMISSED. The clerk has already served the complaint on Borchet, Dr. Lichtenstein, Dr. Fisher, Dr. Benoit, and former Commissioner Cook in their

individual capacities and on Quiros in his official capacity.

(2) The clerk shall verify the current work address of Warden Butricks with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint, the prior initial review order (ECF No. 14) and this Order to him at his confirmed addresses by **January 7, 2021**, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall send a courtesy copy of the amended complaint and this Order to the DOC Office of Legal Affairs.

(4) Defendant Buttrick shall file a response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(5) **The Scheduling Order previously entered is amended as follows:** Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **June 16, 2021**. Discovery requests need not be filed with the Court.

(7) To the extent not already completed, the parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-

standing-orders.

(8) All motions for summary judgment shall be filed by **July 16, 2021**.

**ALL PREVIOUSLY ISSUED ORDERS NOT AMENDED HEREBY REMAIN IN FULL FORCE AND EFFECT.**

**SO ORDERED** this 16th day of December 2020 at Bridgeport, Connecticut.

_/s/_____
Kari A. Dooley
United States District Judge